UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CASE NO.:

| | |
|---|---|
| ECLIPSE SPORTSWIRE,<br><br>Plaintiff,<br><br>v.<br><br>SPORTS MOMENTS PLUS, LLC and JOHN BINETTI,<br><br>Defendants. | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND UNFAIR COMPETITION**<br>**(INJUNCTIVE RELIEF DEMANDED)** |

Plaintiff ECLIPSE SPORTSWIRE by and through its undersigned counsel, brings this Complaint against Defendants SPORTS MOMENTS PLUS, LLC and JOHN BINETTI for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff ECLIPSE SPORTSWIRE ("Eclipse") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Eclipse's original copyrighted Works of authorship.

2. Eclipse is known for their worldwide cover of editorial photography, in sports mainly specializing in horses. Since 2009, Eclipse has photographed in every major thoroughbred horse race across the United States. Eclipse has also covered other major photography events, such as the Rolex Championship. Eclipse has received numerous awards for their unique photo captures, such as winning first place in the 2010 Equine Ideal Photo Contest, second place in the 2010 Thoroughbred Blogger's Alliance, and received the 2009 Jerry Frutkoff Preakness award etc. Eclipse has also been featured in/on major name magazines including but not limited to, Sports Illustrated, Chronical of the Horse, and Speechless Times.

3. Defendant SPORTS MOMENTS PLUS, LLC ("SMP") is a retail website where customers can purchase photographs of memorable sports moments. At all times relevant herein, SMP operated the internet website located at the URL www.sportsmomentsplus.com (the "Website").the internet website located at the URL www.sportsmomentsplus.com (the "Website").

4. Defendant John Binetti ("Binetti") is the owner of SMP and the registrant of the Website.

5. Defendants SMP and Binetti are collectively referred to herein as "Defendants."

6. Eclipse alleges that Defendants copied Eclipse's copyrighted Works from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Minnesota.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**DEFENDANTS**

11. Sports Moments Plus, LLC is a Minnesota Corporation, with its principal place of business at 8848 Woodhill Circle, Savage, Minnesota, 55378, and can be served by serving its Manager, John Binetti, at the same address.

12. John Binetti is an individual residing in Scott county, state of Minnesota and can be served at 8848 Woodhill Circle, Savage, Minnesota, 55378.

**THE COPYRIGHTED WORKS AT ISSUE**

13. In 2018, Eclipse created the photographs entitled "18-0609-justify-113-Evers" and "z18069_eclipsesportswire_sns_8511, which are shown below and referred to herein as the "Works".



18-0609-justify-113-Evers (VA 2-109-184)



Z180609_sns_8511 (VA-2-109-244)

14. Eclipse registered the Works with the Register of Copyrights on July 2, 2018, and was assigned registration numbers VA 2-109-184 and VA 2-109-244. The Certificates of Registration are attached hereto as Exhibit 1.

15. Eclipse's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

16. At all relevant times Eclipse was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANTS

17. Defendants have never been licensed to use the Works at issue in this action for any purpose.

18. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied the Works.

19. On or about July 20, 2020, Eclipse discovered the unauthorized use of its Works as the 2018 Winner of the Triple Crown (Justify) on the Website available for purchase by the public

20. Defendants copied Eclipse's copyrighted Works without Eclipse's permission.

21. After Defendants copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of their sports memorabilia sales business.

22. Defendants copied and distributed Eclipse's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

23. Eclipse's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

24. Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 2.

25. Eclipse never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

26. Eclipse notified Defendants of the allegations set forth herein on August 12, 2020 and August 28, 2020.  To date, the parties have failed to resolve this matter.  Copies of the Notices to Defendants are attached hereto as Exhibit 3.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Eclipse incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Eclipse owns valid copyrights in the Works at issue in this case.

29. Eclipse registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without Eclipse's authorization in violation of 17 U.S.C. § 501.

31. Defendants performed the acts alleged in the course and scope of its business activities.

32. Defendants' acts were willful.

33. Eclipse has been damaged.

34. The harm caused to Eclipse has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY SMP

35. Eclipse incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. Eclipse owns valid copyrights in the Works at issue in this case.

37. Eclipse registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

38. SMP copied, displayed and distributed the Works at issue in this case and made derivative of the Works without Eclipse's authorization in violation of 17 U.S.C. § 501.

39. SMP had the right and ability to supervise the infringing activities of Binetti alleged herein.

40. SMP had a direct financial interest in the infringing activities alleged herein.

41. As a result of SMP's vicarious infringement as alleged above, SMP obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

42. Eclipse has been damaged.

43. The harm caused to Eclipse has been irreparable.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

44. Eclipse incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

45. Defendants' activities complained of herein constitute unfair methods of competition in violation of the common law of the State of Minnesota.

46. As a direct and proximate result of Defendants' unfair competition, Eclipse has suffered and will continue to suffer loss of reputation among its purchasers and potential purchasers, and Defendants will continue to unfairly acquire income, profits, and goodwill.

47. Eclipse has been damaged.

48. The damage to Eclipse is irreparable.

49. Unless enjoined, Defendants' unfair competition will continue to deceive the public and injure competition.

WHEREFORE, the Plaintiff Eclipse Sportswire prays for judgment against the Defendants Sports Moments Plus, LLC and John Binetti that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

    b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

  c. Defendants be required to pay Plaintiff its damages including lost sales and Defendants' profits as provided in 15 U.S.C. § 1125;

  d. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

  e. Plaintiff be awarded pre and post-judgment interest; and

  f. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: July 16, 2021    Respectfully submitted,

*/s/ Nathan M. Hansen*
NATHAN M. HANSEN
Minnesota Attorney ID No.: 0328017
nathan@hansenlawoffice.com
Hansen Law Office
2440 Charles Street North
Suite 242
North St. Paul, MN  55109
651.704.9600 – Telephone
651.704.9604 – Facsimile

*/s/ Matthew L. Rollin*
MATTHEW L. ROLLIN
California Attorney ID No.: 332631
matthew.rollin@sriplaw.com
SRIP LAW
8730 Wilshire Boulevard, #350
Beverly Hills, CA #350
323-452-5600 – Telephone
*Pro Hac Vice Motion Forthcoming*

*Counsel for Eclipse Sportswire*